IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IRMA DEAN WILLIAMS, #160143, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:15-CV-445-MHT |
| ) | |
| EDWARD ELLINGTON, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Irma Dean Williams ("Williams"), an indigent state inmate, initiated this 42 U.S.C. § 1983 challenging the constitutionality of medical treatment provided to her for constipation during her incarceration at the Montgomery Women's Pre-Release Facility. The defendants filed a response to the complaint, supported by relevant evidentiary materials, in which they assert that they did not act with deliberate indifference to Williams' medical needs.

The order of procedure entered in this case specifically directed Williams to immediately inform the court of any change in her address. *Order of June 25, 2015 - Doc. No. 4* at 5. On September 30, 2015, the defendants advised the court that the plaintiff was not at the address she furnished for service. *Defendants' Special Report - Doc. No. 14* at 2. In light of the foregoing, the court entered an order requiring that the plaintiff show cause why this case should not be dismissed for her failure to inform the court of her current address. *Order of October 1, 2015 - Doc. No. 16*. This order specifically advised Williams that the instant case

could not proceed if her whereabouts remained unknown and cautioned her that failure to comply with its directives would result in a Recommendation that this case be dismissed. *Id*. The postal service returned this order because Williams was no longer at the last address she provided to the court.

As is clear from the foregoing, Williams has failed to comply with the directives of the orders entered by this court. In addition, this case cannot properly proceed in her absence. It likewise appears that Williams is no longer interested in the prosecution of this case as she has not kept the court informed of her correct address. The court therefore concludes that this case is due to be dismissed. *See Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.1989) (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.); *see also Tanner v. Neal,* 232 Fed. App'x. 924 (11th Cir.2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing amendment and warning of consequences for failure to comply).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for failure of the plaintiff to comply with the orders of this court and her failure to properly prosecute this action.

It is further

ORDERED that on or before October 22, 2015 the parties may file objections to the

Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH C$_{IR}$. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

    Done this 8th day of October, 2015.


                                /s/Charles S. Coody  
                            CHARLES S. COODY  
                            UNITED STATES MAGISTRATE JUDGE